AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ALAN LI, ) Case No. 1:22-mj-02806-LFL |
| a/k/a "Michael Chen," ) | |
| Defendant ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I – Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II – Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III – Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☐ Weight of evidence against the defendant is strong

☐ Subject to lengthy period of incarceration if convicted

☐ Prior criminal history

☐ Participation in criminal activity while on probation, parole, or supervision

☐ History of violence or use of weapons

☐ History of alcohol or substance abuse

☐ Lack of stable employment

☐ Lack of stable residence

☐ Lack of financially responsible sureties

☐ Lack of significant community or family ties to this district

☐ Significant family or other ties outside the United States

☐ Subject to removal or deportation after serving any period of incarceration

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Use of alias(es) or false documents

☐ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Defendant is charged with Attempted Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1594(a) and Attempted Coercion or Enticement of a Minor, in violation of 18 U.S.C. § 2422(a). On May 17, 2022, this Court held a hearing pursuant to 18 U.S.C. § 3142(f)(1) to determine whether Defendant, Alan Li, a/k/a "Michael Chen," should be detained pending trial. For the reasons stated at the hearing, hereby incorporated into this Order, the Court orders Defendant's pretrial detention.

The nature of the allegations are very serious and the weight of the evidence is against the defendant. The facts, as proffered by the United States, established that beginning on or about March 12, 2022, up until on or about May 3, 2022, Defendant sought to engage in sex with a 12-year-old girl and a 15-year-old girl. Defendant messaged an acquaintance, claiming his friend -Michael Chen- wanted to meet "young girls" and was "willing to pay." Law enforcement investigation showed that Li pretending to be "Michael Chen," asked the acquaintance via Snapchat to introduce him to someone who could provide him with minor girls, "ideally" between 8 and 15 years old, for the purpose of engaging in commercial sex acts. The acquaintance informed law enforcement of her communications with Defendant. Law enforcement, posing as the acquaintance over Snapchat, then provided Defendant with a phone number for a "trafficker" who was actually an undercover FBI agent.

Li contacted the trafficker via text, using a telephone number provided by a telecommunications company called Bandwidth, claiming that he was looking to be set up with girls age "10-14" for his friend "Mike." When the trafficker refused to negotiate with Li and stated he would only deal with "Mike" directly, within a few minutes Michael Chen, using a different telephone number on Bandwidth, texted the trafficker. Defendant, as Michael Chen, communicated via text with the undercover agent over the course of approximately seven weeks negotiating the terms of payment for commercial sex acts with a 12-year-old girl and a 15-year-old girl. Regarding the 12-year-old, Defendant agreed to pay "$500 total for bareback sex with 12 year old" with a "[d]own payment of $250." Defendant also discussed buying the 12-year-old girl to permanently confine the minor in his apartment. Defendant stated he had previously had a similar "live in" situation with a 13-year-old girl when he lived in Ohio. He negotiated to pay using either cash or Bitcoin, rather than CashApp after noting that CashApp would require his social security number, and asked for a picture of the girl. Defendant scheduled two separate meetings with the undercover agent but cancelled. Li told his acquaintance that he was "trying to be careful" because he did not know the trafficker and that he was "spooked." That Li cancelled his scheduled meetings with the undercover agent does not mean he did not take a substantial step in furtherance of the commission of the underlying crimes. *See United States v. Yost*, 479 F.3d 815, 819–20 (11th Cir. 2007) (finding the defendant undertook a substantial step in enticing a minor to engage in criminal sexual activity, even where there was no evidence showing the defendant traveled to consummate the criminal act); *United States v. Lee*, 603 F.3d 904, 915 (11th Cir. 2010) (concluding the defendant need not have made "firm plans to travel," in order for the defendant to have taken a substantial step in furtherance of enticing a minor to engage in criminal sexual activity where the defendant "took other steps sufficient to achieve the end that is the object of the attempt").

Law enforcement arrested Defendant on May 12, 2022, executing a search warrant on Defendant's residence and his phone. During that search, law enforcement discovered more than $8,000 in cash. Law enforcement discovered an application called "Burner," on Defendant's cell phone in which he maintained three additional phone numbers, all under different names, and from which he had messaged the undercover agent. Additionally, law enforcement also found the CashApp application on the cell phone that indicated on or about March 23, 2022, the same day "Michael Chen" agreed on a $250 down payment for the 12-year-old girl, he transferred $250 to his alias account, "Michael Chen." Additionally, law enforcement's investigation has indicated that bank accounts associated with Defendant and his family members

have received hundreds of thousands of dollars in transactions, for which the bank could identify no business or economic justification. Following his arrest, Defendant informed pretrial services that he had approximately $20,000 in a checking account, $20,000 in cryptocurrency, and $10,000 in cash in his home. Defendant has no family residing in Florida and had resided in South Florida for less than a year.

The nature and circumstances of the offenses and Defendant's history and characteristics support a finding that he poses both a risk of flight and danger to the community. The nature and circumstances of the offense are particularly egregious. Further, in his communications with the undercover agent, Defendant also stated that he had previously kept a minor locked in his home for his sexual gratification, and sought to buy a minor from the trafficker, in order to do so again. During the discussions with the undercover agent, Defendant used language that is specific to the child sex trafficking industry, which lends credence to his claims of prior experience of engaging in commercial sex acts with minors. Further, Defendant is highly educated and sophisticated and has access to significant financial resources. At the time of his arrest, Defendant was undergoing his residency at Mount Sinai Hospital, having recently completed medical school at the University of Virginia. Defendant's intelligence, extensive education, exhibited knowledge of using technology to conceal his identity, and access to large amounts of cash and cryptocurrency, which would allow Defendant to make anonymous purchases, demonstrates his willingness and ability to evade law enforcement. Moreover, Defendant has few ties to the community since he no longer works at Mt. Sinai Hospital, and has extended family living abroad. As such, based on the charges alleged in the complaint, under which Defendant faces a mandatory minimum of 15 years' imprisonment, Defendant has strong incentive, and the capability, to flee and evade capture by law enforcement.

These same facts also illustrate why if Defendant were released, he would continue to pose a threat to the community. Defendant has the intelligence and technological sophistication to shield his identity and activity, as well as substantial financial resources.

To rebut the presumption under 18 U.S.C. § 3142(e)(3), Defendant offered a written statement from Defendant's mother stating that he was a good person and a good student in school and noted that he did not appear at the scheduled meetings. Hence, the Court finds that he has not rebutted the presumption that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community and will reasonably assure the appearance of Defendant as required.

## Part IV - Directions Regarding Detention

Defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:   May 19, 2022

_____
United States Magistrate Judge