UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20224-BLOOM

UNITED STATES OF AMERICA

    v.

ALAN LI,
    a/k/a "Michael Chen,"

    Defendant.
_____/

**UNITED STATES'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER REGULATING DISCLOSURE OF DISCOVERY AND SENSITIVE INFORMATION CONTAINED THEREIN**

The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, respectfully moves for a Protective Order for appropriate protections against widespread dissemination of the discovery materials and the sensitive information contained therein, which will be disclosed in the above captioned matter. This sensitive information includes records containing personal information, such as names, phone numbers, and other personal, identifying information of witnesses and other uncharged individuals. The government seeks protections that will not impede the defendant's ability to prepare for his defense, but merely will protect against the improper dissemination or use of the sensitive information. The United States respectfully submits that the equities favor this Court placing reasonable limitations on the way the defense may use the sensitive information in the discovery materials.

    **I.**    **Background and Procedural History**

The Defendant Alan Li, a/k/a "Michael Chen," ("Li") is charged by Indictment with one

count of Attempted Sex Trafficking of a Minor, in violation of Title 18, United States Code, Section 1591(a)(1) and (b)(1), and 1594(a) (Count 1), and one count of Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity, in violation of Title 18, United States Code, Section 2422(b) (Count 2) (DE 13).

The Discovery will include, among other things, hundreds of pages of text messages with uncharged third parties' names, personal telephone numbers, and email addresses that cannot be redacted without hampering the defendant's ability to prepare his case. Given the volume and format of such sensitive information, it is also not practicable for the government to redact it. So, good cause exists for a protective order regulating the production of sensitive information to the defense. Accordingly, in order to ensure the protection of the personal identification information and to avoid disclosure of this information to other individuals, the United States requests that the Court enter an order regulating the disclosure of the discovery as follows:

1. The United States is authorized to disclose personal identification information in its possession that the United States believes necessary to comply with the discovery obligations imposed by this Court;

2. The United States shall mark that portion of the discovery that includes personal identification information as "Confidential." This information will be governed by the following rules:

    a. Counsel of record for the defendant shall hold in strict confidence the discovery material marked "Confidential" and shall disclose that material to their client, office staff, investigators, and witnesses (including any experts) only to the extent that they believe is necessary to assist in the defense of this matter;

    b. Counsel of record for the defendant shall advise any person to whom the

"Confidential" material is disclosed that such information shall be held in strict confidence, and that further disclosure or dissemination is prohibited without defense counsel's express consent;

c. To avoid the dissemination of PII to other inmates, the defendant shall not maintain any copy of the Confidential portion of the Discovery at the Federal Detention Center or other jail facility without defense counsel present. Should the defendant wish to review any part of the Confidential portion of the Discovery without defense counsel present, upon request the Government will provide a redacted copy of the particular document(s) requested;

d. Counsel of record for the defendant shall obtain a certification from any non-party to whom the "Confidential" material is disclosed, in which the recipient (a) acknowledges the restrictions set forth in the Protective Order, and (b) agrees that he/she will not disclose or disseminate the information without the express consent of defense counsel. Counsel shall keep a copy of each certification to identify the individuals who received the discovery materials and the date on which such information was first disclosed;

e. Counsel of record agrees that, upon conclusion of the above-captioned case, copies of the "Confidential" material produced to defense counsel pursuant to the terms of this order shall be destroyed or returned to the United States; and

f. Counsel of record for the defendant agrees that if he is unsure whether a particular item contains personal identification information or "Confidential" material, counsel of record for the defendant shall contact the Assistant United States Attorney assigned to the case to jointly decide if the item should be

       deemed "Confidential." If the parties are unable to reach an agreement, the parties will present the issue to the Court for review.

3. Counsel of record for the defendant and the Government shall refer to any witnesses and victims only by their initials, in any public filing prior to trial, and during any pre-trial and post-trial court proceedings. Should either party need to file something with the Court that would have the effect of identifying any of the witnesses or victims, such filing shall be submitted to the Court under seal.

## II.  Argument and Analysis

A trial court "can and should, where appropriate, place . . . defendant[s] and [their] counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). In fact, Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions. See Fed R. Crim. P. 16(d)(1). Moreover, victims of crime possess a statutory "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Courts are directed to "ensure that the crime victim is afforded the rights described in subsection (a)." 18 U.S.C. § 3771(b)(1). Attorneys for the Government are empowered by statute to "assert the rights described in subsection (a)." 18 U.S.C. § 3771(d)(1). The government does not seek to delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires*. See, e.g, United States v. Fischel,* 686 F.2d 1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses"). Instead, the government only seeks to facilitate discovery, while protecting against the improper disclosure or use of individuals' identification information.

The proposed Protective Order, attached as an exhibit hereto, would have no effect on the defendant's ability to prepare his defense and would protect the personal identification information of third parties, including victims.

It is appropriate for any protective order to admonish the parties that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose. *See United States v. Gangi*, No. 97 CR 1215 (DC), 1998 WL 226196 at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); *United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case"); *see generally United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.").

The government's proposed order, or one materially similar thereto, has been entered in other matters in the Southern District of Florida to ensure the integrity of sensitive identification information disclosed in discovery. *See United States v. Sixto Figueroa, et al.*, Case No. 09-20610-CR-Lenard (DE: 105) (S.D. Fl. October 7, 2009); *United States v. Marcos Salazer, et al.*, Case No. 10-20182-CR-Jordan (DE: 35) (S.D. Fl. April 7, 2010); *United States v. Julio A. Llanessa*, Case No. 09-21027-CR-Huck (DE: 84) (S.D. Fl. January 27, 2010); *United States v. Greta Medina, et al.*, Case No. 09-21028-CR-Lenard (DE: 283) (S.D. Fl. May 5, 2010).

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials.  The Court

has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. *See United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery"); *see also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

## CONCLUSION

WHEREFORE, for the reasons stated above, the United States respectfully requests this honorable Court enter a Protective Order regarding the Discovery in this matter.

Counsel for the United States has conferred with counsel for the defendant, who does not oppose this motion.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:  /s/Katherine W. Guthrie
Katherine W. Guthrie
Assistant United States Attorney
Court ID No. A5502786
99 Northeast 4th Street, 6th Floor
Miami, Florida 33132-2111
Tel: (305) 961-9117
Katherine.Guthrie@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 29, 2022, I electronically filed the foregoing document with the Clerk of the Court and counsel for the defendant using CM/ECF.

                                              */s/Katherine W. Guthrie*
                                              Katherine W. Guthrie
                                              Assistant United States Attorney